United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Civil Action No. H-25-2580 |
| | § | |
| AVERY FRANK BASS, JR., | § | Criminal Action No. H-23-473-1 |
| | § | |
| Defendant/Petitioner. | § | |
| | § | |
| | § | |
| | § | |

ORDER

On June 18, 2026, the Court ordered *pro se* Petitioner Avery Frank Bass, Jr. to "show cause as to why his § 2255 motion should not be dismissed pursuant to the Rules Governing Section 2255 proceedings Rule 2(b)(5) **NO LATER THAN FORTY-FIVE DAYS FROM THE DATE OF THIS ORDER**."[1] The Court further warned that "failure to comply with this Order and show cause by the aforementioned deadline may result in the denial of Petitioner's § 2255 motion without further notice."[2]

The Court has provided ample opportunity for Petitioner to respond to the Court's show cause order. Petitioner has failed to comply with the Court's order within either the original response deadline or the date of this Order. "If the plaintiff

[1] *Show Cause Order*, Criminal Document No. 98 at 3 (emphasis in original).

[2] *Show Cause Order*, Criminal Document No. 98 at 3.

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) as giving the court the power to dismiss plaintiffs' complaint *sua sponte*, without a motion by a defendant).[3] Considering the applicable law and Petitioner's failure to comply with the Court's Show Cause Order, the Court finds that Petitioner's § 2255 motion should be dismissed.[4] The Court now considers whether or not a certificate of appealability should issue in this matter.

District courts may deny certificates of appealability *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). When § 2255 claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the pending motion, submissions, and applicable law, the Court finds that no certificate of appealability should issue in this matter. Accordingly, the Court hereby

---

[3] The Court notes that mail was returned undeliverable with respect to the Court's Show Cause Order. *See* Criminal Document No. 100. Nonetheless, the Court notes that Petitioner has an obligation to update his address and that mail being returned undeliverable does not relieve Petitioner of his obligation to comply with the Court's Order. *See Zuniga-Ortiz v. United States*, No. 1:17-CR-372-1, 2019 WL 4545955, at *1 (S.D. Tex. Aug. 23, 2019), *report and recommendation adopted sub nom. Ortiz v. United States*, No. 1:18-CV-00110, 2019 WL 4538191 (S.D. Tex. Sept. 19, 2019) (dismissing Petitioner's 2255 motion for failure to comply despite mail being returned undeliverable).

**ORDERS** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1) (Criminal Document No. 93) is **DENIED**. The Court further

**ORDERS** that Petitioner's civil matter brought against Respondent the United States of America is hereby **DISMISSED**. The Court further

**ORDERS** that a certificate of appealability will not issue.

SIGNED at Houston, Texas, on this 8 day of October, 2026.

DAVID HITTNER
United States District Judge